UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RABII BAGHDAD,

      Petitioner,

v.                                     Case No. 3:22-cv-459-TJC-JBT

GARRETT RIPA,
et al.,

      Respondents.
_____

## **ORDER**

      Petitioner, Rabii Baghdad, a native and citizen of Morocco, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Doc. 1. Petitioner contends that the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) has unlawfully detained him longer than the reasonable post-removal period. See Doc. 1 at 6-7. He asserts that his 180-day reasonable post-removal-detention period has ended; and because there is no significant likelihood of his deportation or removal in the foreseeable future, due process principles mandate that he be released. Id. at 7-8.

      Respondents filed a Motion to Dismiss arguing that Petitioner prematurely initiated this action. Doc. 5. They assert that in August 2020,

Petitioner was arrested in Pennsylvania and an ICE detainer was lodged.[1] Id. at 2. An immigration judge ordered Petitioner removed in December 2020. Id. Petitioner sought review with the Board of Immigration Appeals, and the BIA dismissed that appeal in June 2021, at which point Petitioner's removal period began. Id. at 3. According to Respondents, however, Petitioner then filed with the Third Circuit Court of Appeals a petition for review and a motion to stay removal. Respondents contend that the Third Circuit granted a stay of removal on July 7, 2021, which reset Petitioner's removal period, and his removal period will not begin again until the Third Circuit issues its final order disposing of Petitioner's appeal. Id. (citing Baghdad v. Att'y Gen. of United States, No. 21-2094 (3d Cir. July 7, 2021). Doc. 5 at 3. As such, they argue that this action is premature and should be dismissed. Id. at 4. Petitioner had until July 28, 2022, to file a reply to Respondents' Motion and he declined to do so. See Doc. 4.

When an immigration detainee is ordered removed, the Attorney General must remove the detainee within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained

---

[1] As some point during Petitioner's immigration proceedings, he was transferred to the Baker County Detention Facility where he is still detained.

or confined (except under an immigration process), the date the alien is released from detention or confinement." See 8 U.S.C. § 1231(a)(1)(B); see also 8 C.F.R. § 1241.1(a)-(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period, see 8 U.S.C. § 1231(a)(2); and after an order of removal is final, ICE must make every effort to remove the alien within a reasonable time, Zadvydas v. Davis, 533 U.S. 678, 701 (2001). In Zadvydas, the Supreme Court held that once an order of removal is final, six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

    A review of the Third Circuit's docket confirms that Petitioner sought review of the BIA's decision, and the Third Circuit stayed Petitioner's removal on July 7, 2021. See Baghdad, No. 21-2094 (3d Cir.). The Third Circuit has not yet issued a final order and the stay of Petitioner's removal is still in effect. Id. Therefore, Petitioner's removal period has not yet begun and Petitioner's request for relief is premature. See Farah v. United States Att'y Gen., 12 F.4th 1312, 1332 (11th Cir. 2021) (finding that the petitioner's removal period had not started because the Eleventh Circuit stayed the removal pending judicial review and it had not yet issued its final order). As such, this action is due to be dismissed.

3

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED without prejudice** as prematurely filed.

2. The Clerk of Court shall enter judgment accordingly and close this case.

3. If Petitioner appeals the dismissal of the case, this Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper. Such termination shall serve as a denial of the motion.

---

[2] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

4

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:    Rabii Baghdad, #A047505299
       Counsel of record